Opinion issued October 8, 2009







In The
Court of Appeals
For The
First District of Texas




NO. 01-07-00810-CV




SHOWBIZ MULTIMEDIA, LLC; SHOWBIZ MULTIMEDIA
ENTERTAINMENT, LLC; AND VINAY KARNA, Appellants

V.

MOUNTAIN STATES MORTGAGE CENTERS, INC.; REMINGTON
FINANCIAL GROUP, INC.; AND MATTHEW MCMANUS, Appellees




On Appeal from the 387th District Court
Fort Bend, Texas
Trial Court Cause No. 04-CV-135299




O P I N I O N
          The issue in this appeal is whether arguing that a South Asian-American
plaintiff committed “judicial terrorism” and extortion constitutes incurable jury
argument. Following the Texas Supreme Court’s 2008 opinion in Living Centers of
Texas, Inc. v. Peñalver, we conclude it is and reverse. See Peñalver, 256 S.W.3d 678
(Tex. 2008).
                                                        Background
          Appellant Vinay Karna is a naturalized United States citizen who was born in
India. Karna wished to purchase a motel and formed two corporations as part of that
plan, appellants Showbiz Multimedia, LLC and Showbiz Multimedia Entertainment,
LLC. Multimedia Entertainment agreed to purchase a motel in Duncanville, Texas,
and Karna discussed financing arrangements with Clay Cushing of appellee Mountain
States Mortgage Center, Inc.
          Cushing allegedly recommended that Karna seek financing with a Costa Rican
company called Servicios Amtek, SA. Karna claims that he paid $40,000 to Servicios
Amtek for loan financing fees and that Servicios Amtek later “disappeared” without
providing any financing. Officials at Mountain States denied that Cushing was
authorized to broker a loan for Karna.
          Karna next paid a loan broker company, Kilpatrick & Hart, to arrange a loan
with appellee Remington Financial Group, Inc. Remington’s owner is appellee
Matthew McManus. Showbiz Multimedia and Showbiz Multimedia Entertainment
signed contracts with Remington, and Karna claims he paid $15,000 to Remington
under the contracts. Karna claims that the contracts obligated Remington to provide
funding for a loan to purchase the motel if his two companies met certain specified
conditions.
          Karna contends that even though his companies met all the conditions,
Remington and McManus did not fund the loan but instead brokered the loan to yet
another company, Meridian Capital Partners, Inc. Karna allegedly paid Meridian
approximately $30,000, yet never received a loan from Meridian or anyone else. 
Finally, Karna and his two companies sued Mountain States, Remington, McManus,
and others for breach of contract, breach of fiduciary duty, and fraud.
          At trial, Mountain States, Remington, and McManus vigorously countered the
plaintiffs’ description of the case. During closing argument, Mountain States’s
counsel stated the following:
[COUNSEL]: Thank you, Judge. . . . This lawsuit [is] wrong. 
They are asking you to perpetuate an injustice. If you award Vinay
Karna and his companies any money, it’s going to continue in another
court with additional Defendants because it will perpetuate an injustice. 
And what we’re asking you to do quite simply is to deny an injustice.
What Mr. Karna has done has identified just the most recent
injustice and that is to use this court in a judicial terrorism. He has
extorted money -- attempted to extort money from 21 different groups.
Karna and his companies did not object to this argument at that time, but complained
in their motion for new trial.
          The argument was not isolated. Counsel also stated, in reference to Karna, that
a witness was “scared to death of this man. There’s cultural issues. She’s scared to
death of him which is why she did not . . . .” Karna’s counsel objected to this
argument. The trial court sustained the objection.
          Based on the jury’s verdict, the trial court rendered judgment (1) “in favor of”
Mountain States, Remington, McManus, Secured Capital Resource, LLC, and G.
Tyler Hufford and (2) “against” Karna, Showbiz Multimedia, and Showbiz
Multimedia Entertainment.


 Karna, Showbiz Multimedia, and Showbiz Multimedia
Entertainment filed a timely notice of appeal.


 Only Showbiz Multimedia and
Showbiz Multimedia Entertainment have filed an appellant’s brief, in which they
bring three issues against Mountain States, Remington, and McManus regarding
incurable jury argument, legal and factual sufficiency, and the admission of
evidence.



Discussion
          Showbiz Multimedia and Showbiz Multimedia Entertainment’s first issue asks
this Court to decide whether it was incurable jury argument to say that Karna has
committed extortion and “judicial terrorism,” considering the Texas Supreme Court’s
opinion in Living Centers of Texas, Inc. v. Peñalver. In that wrongful-death case, the
court held that the closing argument of plaintiffs’ lawyer was incurable when counsel
compared the treatment of the deceased by a nursing home to the Germans’ World
War II treatment of the elderly in the “T-Four” project. Peñalver, 256 S.W.3d at
680–682. The Texas Supreme Court acknowledged that this comment was only made
once and that no one argued that the nursing home intended to injure or kill the
deceased, much less conduct medical experiments on her. Id. at 681. Nevertheless,
the supreme court concluded that the argument “struck at the integrity of the courts
by utilizing an argument that was improper, unsupported, and uninvited.” Id. at 682. 
The supreme court further stated that such argument is not subject to the general
harmless error analysis.


 Id. at 681.
          Mountain States, Remington, and McManus respond that the jury argument
was not about Karna committing “judicial terrorism,” extortion, or Karna’s ethnicity. 
Instead, they argue that the “judicial terrorism” comment was a reference to,
supported by the evidence, the multiple lawsuits that Karna has filed against
numerous defendants. We agree that counsel was entitled to argue that Karna was
aggressively litigious and that he filed lawsuits that had no merit, in light of the
evidence before the jury of such lawsuits, but the question remains whether the
characterization of his conduct as judicial terrorism and extortion, together with the
other comments made by counsel, would reasonably leave an incurable impression
on the jury in a manner beyond that supported by the evidence .


 We conclude that
it did.
          In Peñalver, the supreme court re-emphasized how serious a jury argument is
that introduces race or other extreme personal attacks. Id. at 681 (citing Standard
Fire Ins. Co. v. Reese, 584 S.W.2d 835, 840 (Tex. 1979)). Just as the horrible events
of World War II still evoke deep passion and emotion, the ongoing War on Terror
colors the interpretation of the word “terrorism.” It is not a word to be used lightly
in the context of a formal proceeding in court. Furthermore, the description of the
plaintiff in this case as having committed extortion and “judicial terrorism” did not
stand in isolation—these comments were merely the most egregious. The lawyer for
Mountain States stated, in a reference to Karna that is wholly unsupported by the
record, that a business associate of Karna’s felt “scared to death of this man” due to
“cultural issues” and suggested that he was not “somebody that you would entrust
anything to,” including “the safety of your children.” The subject matter of this
case—a commercial lending dispute—does not support this inflammatory sort of
appeal to a jury.
          The judiciary must at a minimum ensure that a trial is free from improper
appeals to race or nationalism that the introduction of the words “terrorism” and
“extortion,” together with a wholly unsupported reference to “cultural issues” brought
into this case. As in Peñalver, this type of argument strikes at the heart of the jury
trial system and was incurable. Courts must guard against such conduct and correct
it sua sponte. Tex. R. Civ. P. 269(g); Peñalver, 256 S.W.3d at 681. Because the trial
court did not, we sustain issue one.
Conclusion
          In light of our determination of issue one, we do not reach issues two and three. 
Accordingly, we reverse the portion of the trial court’s judgment holding that
Showbiz Multimedia and Showbiz Multimedia Entertainment take nothing from
Mountain States, Remington, and McManus, and we remand the case to the trial court
for further proceedings limited to Showbiz Multimedia and Showbiz Multimedia
Entertainment’s claims against Mountain States, Remington, McManus. Finally, we
dismiss Karna’s appeal for want of prosecution for failure to file a brief. See Tex. R.
App. P. 38.8(a)(1), 42.3.


 

                                                             Jim Sharp
                                                             Justice

Panel consists of Justices Bland, Sharp, and Taft.




Justice Taft, concurring.